# EXHIBIT A

| | |
|---|---|
| **From:** | Hannah Jones |
| **To:** | brian@bromberglawoffice.com |
| **Cc:** | Richard Zielinski; Dominick Roa |
| **Subject:** | 26-cv-6494 Desiree Reyes v. Extra Space Storage, Inc. [1290.0391] |
| **Date:** | Monday, June 29, 2026 4:09:24 PM |
| **Attachments:** | logo_5bee58cd-50d8-4f26-9364-1076e2bb1d73.png<br>Ltr to PLT re Arbitration Provision.pdf |

Good afternoon Mr. Bromberg,

Attached please find correspondence sent on behalf of Richard J. Zielinski, Esq.

A hard copy is being sent in the mail.

Thank you!

Hannah Jones
Legal Assistant
**Gerber Ciano Kelly Brady** LLP
Direct/Text: 716.919.3979
Fax: 646.350.1901
hjones@gerberciano.com
www.gerberciano.com

**Visit Us/FedEx/UPS**
599 Delaware Avenue Suite 100
Buffalo, NY 14202

**WE THINK GREEN**
All mail securely processed
at our US Mail location:
Gerber Ciano Kelly Brady LLP
PO Box 1060
Buffalo, NY 14201

New York Connecticut Pennsylvania New Jersey London

*This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you received this email in error please notify the sender immediately and delete this email.*

**Richard Zielinski**
Partner

**Direct Dial/Text**
716.306.6593

**Fax**
646.350.1901

**Email:**
rzielinski@gerberciano.com

GERBER CIANO KELLY BRADY LLP

**US Mail:**
PO Box 1060
Buffalo, New York 14201

**Visit Us/FedEx/UPS:**
599 Delaware Avenue, Suite 100
Buffalo, New York 14202

June 29, 2026

Desiree Reyes
C/O Brian L. Bromberg, Esq.
Bromberg Law Office, P.C.
99 Main Street
Nyack, NY 10960
brian@bromberglawoffice.com

RE: Desiree Reyes v. Extra Space Storage, Inc.
Case No.: 26-cv-6494
Our File No.: 1290.0391

Ms. Desiree Reyes:

We represent Extra Space Storage, Inc. with respect to the above-captioned matter you filed in the United States District Court for the Western District of New York, bearing Civil Action No. 26-cv-6494. We write to inform you that the action you filed is barred by the terms of your agreement with Extra Space Storage, Inc., which requires this and any dispute between you and Extra Space Storage, Inc. be resolved through arbitration. By the terms of the agreement, you have specifically divested this Court of its jurisdiction and agreed to proceed in arbitration.

**Therefore, Extra Space Storage, Inc. hereby formally demands arbitration to resolve the dispute at issue in the above-captioned action.**

Extra Space Storage, Inc. designates the American Arbitration Association (AAA) as the arbitration forum and agrees to be bound the AAA's procedural rules of arbitration. Please advise if you agree to this designation. If you do elect to withhold your agreement, you must advise as to the reasonable basis of your objection.

For your reference, you specifically agreed to the following Arbitration provision at paragraph 7 of your rental agreement with Extra Space Storage, Inc.:

**ARBITRATION**

**7) Agreement to Arbitrate: By initialing below, Customer agrees that, either Customer or Operator may elect to resolve any dispute by neutral, binding arbitration, on an individual basis only, and not by a court action, subject to the exceptions and terms set forth below. Customer acknowledges that he/she had the option of entering into an Agreement without an Arbitration provision, but voluntarily chose to enter into an Agreement with an Arbitration provision.**

**Except as provided below, Operator and Customer agree to arbitrate all Claims and Disputes between Operator and Customer.**

**"Claims" are any claims or controversies, at law or in equity, against each other related in any way to or arising out of in any way to this Rental Agreement, the Customer's use or occupancy of the Space and this Property or any claim of bodily injury or property damage, or the enforcement of any remedy under any law, ordinance, statute or regulation, even if it arises after the Agreement has terminated. "Claims" include, but are not limited to, claims related in any way to or arising out of in any way to any aspect of the relationship between Operator and Customer, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory. "Claims" also include such claims that Customer brings against Operator's employees, agents, parents, subsidiaries, affiliates, or other representatives or that Operator brings against Customer.**

**"Disputes" include without limitation disputes arising out of relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision. All such matters shall be decided by an Arbitrator and not by a court or judge.**

**Unless Customer and Operator each agree otherwise, the Arbitration will be conducted by a single, neutral third party arbitrator. OPERATOR AND CUSTOMER WAIVE THEIR RIGHT TO TRIAL BY JURY OR IN A COURT. The party initiating the arbitration shall select the arbitration organization, subject to the other party's agreement to use such arbitration organization, which shall not unreasonably be withheld. Unless otherwise agreed, the arbitration shall take place within the County where the defendant/respondent resides. The applicable rules of the arbitration organization will govern the arbitration.**

**For Claims that do not exceed the jurisdictional limit of small claims court, Operator and Customer agree to bring such Claims in small claims court instead of arbitration, and the rules of the small claims court shall apply. If the Claim does not qualify to be brought in small claims court, Operator will pay for the arbitration administrative or filing fees, including the arbitrator fees, up to an aggregate total of $2,500.**

**OPERATOR AND CUSTOMER AGREE THAT THEY WILL ONLY PURSUE ARBITRATION ON AN INDIVIDUAL BASIS AND WILL NOT PURSUE ARBITRATION OR ANY OTHER CLAIM ON A CLASS-WIDE, REPRESENTATIVE, OR CONSOLIDATED BASIS. OPERATOR AND**



**CUSTOMER ALSO AGREE THAT THEY WILL NOT PARTICIPATE AS A MEMBER OF A CLASS, AS A CLASS REPRESENTATIVE, OR IN A CONSOLIDATED ACTION.**

**The right to arbitration under this Arbitration Provision is protected by, and any arbitration shall be governed by, the Federal Arbitration Act (9 U.S.C. §1 et seq.). The Operator and Customer agree that the Operator's business and the relationship here involve interstate commerce.**

**Claims Not Subject to Arbitration. In the event applicable law prohibits the arbitration of certain specified Claims, such Claims shall not be subject to this Section. Operator retains the right to pursue any eviction, action to enforce a lien and/or unlawful detainer remedies in any court. Operator retains the right to conduct a lien sale.**

**__X__ Customer agrees to the Arbitration Provision**
**____ Customer refuses the Arbitration Provision**

**Customer Initials:** DR
**Electronically signed on:** 10/22/2024 10:46:49 EDT

The claims you allege in the above-referenced action fall squarely within the scope of the arbitration provision and therefore are subject to arbitration in lieu of litigation. Therefore, Extra Space Storage, Inc. is exercising its right to demand that this dispute be submitted to binding arbitration and that the above-referenced action be discontinued with prejudice.

Please advise within five (5) business days whether you will consent to arbitration before the AAA of your claims raised in the above-referenced suit. Extra Space Storage, Inc. reserves the right to pursue motion practice with the District Court to assert and enforce the terms of our agreement.

Very Truly Yours,

Richard J. Zielinski

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

DESIREE REYES, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

EXTRA SPACE STORAGE, INC.,
EXTRA SPACE MANAGEMENT INC.
EXTRA SPACE STORAGE LP,

Defendants.

Case No. 6:26-cv-06494-EAW

**AFFIRMATION OF SERVICE**

I, Hannah Jones, on this 30th day of June, 2026, under the penalties of perjury, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in Western District Court:

I am not a party to this action, over 18 years of age and maintain my place of business in Buffalo, New York.

That on the 30th day of June, 2026, I served the within Letter to Plaintiff regarding Arbitration Provisions by mail on the listed parties below at the address designated by them for that purpose, by depositing a true copy of the same enclosed in a postage paid envelope under the exclusive care and custody of the United States Postal Service within the State of New York:

TO: Desiree Reyes
C/O Brian L. Bromberg, Esq.
Bromberg Law Office, P.C.
99 Main Street
Nyack, NY 10960

Hannah Jones