**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DESIREE REYES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>EXTRA SPACE STORAGE, INC.,<br>EXTRA SPACE MANAGEMENT INC.<br>EXTRA SPACE STORAGE LP,<br><br>Defendants. | Case No. 6:26-cv-06494-EAW |

I, Dereck Conway, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I serve as District Manager at Extra Space Management Inc. I respectfully submit this declaration of my own knowledge and in support of Defendants' motion to dismiss the Amended Complaint against Extra Space Storage Inc. and Extra Space Storage, LP and to compel arbitration and strike material from the Amended Complaint.

2. I make this declaration based on my personal knowledge and a review of Extra Space's records kept in the ordinary course of business.

3. I am aware that, on or about October 22, 2024, Plaintiff DESIREE REYES ("Plaintiff") solicited a lease from Extra Space Management, Inc. to rent a storage unit at the facilities located at 3635 Berry Fields Rd. Gevena, NY 14456.

4. Neither Extra Space Storage Inc. nor Extra Space Storage, LP own the storage facilities located at 3635 Berry Fields Rd. Geneva, NY 14456. A copy of the Ontario County Real Property Tax Map identifying the owner is annexed as **Exhibit 1.**

5. Neither Extra Space Storage Inc. nor Extra Space Storage LP has any possessory interest in the facilities located at 3635 Berry Fields Rd. Gevena, NY 14456.

6. Neither Extra Space Storage Inc. nor Extra Space Storage LP operate, control, maintain, supervise, or direct the facilities located at 3635 Berry Fields Rd. Gevena, NY 14456.

7. Neither Extra Space Storage Inc. nor Extra Space Storage LP ever held or enforced a storage lien on Plaintiff Desiree Reyes' property as alleged in the Amended Complaint.

8. Neither Extra Space Storage Inc. nor Extra Space Storage LP took possession of Plaintiff Desiree Reyes' property.

9. Neither Extra Space Storage Inc. nor Extra Space Storage LP sold, auctioned, or otherwise disposed of the Plaintiff Desiree Reyes's property as alleged in the Amended Complaint.

10. In furtherance of securing a lease with Extra Space Management, Inc., Plaintiff Desiree Reyes contacted Extra Space Management Inc. through its website and completed the lease application process.

11. Plaintiff made numerous decisions and answered several questions to negotiate an agreeable lease that met her personal requirements.

12. During the application process, Plaintiff made several representations and agreed upon various terms. The final memorialized lease depicting the representations made and terms of the agreement was provided to Plaintiff on the website at the conclusion of the process. The Storage Agreement was also provided to the Plaintiff by email to the email address she designated. A true and accurate copy of the Storage Agreement is annexed as **Exhibit 2**.

13. The Storage Agreement reflects that while negotiating the lease, Plaintiff was asked whether she or her spouse is a service member in the U.S. Military. Answering yes to this question requires the applicant to fill out a Military Addendum. Ex. 2 at p.8.

14. Plaintiff answered “No” under the section asking, “Is the Customer or Customer’s spouse a service member in the military?” Ex. 2 at p. 8.

15. The lease negotiations process also asks the applicant whether he or she agrees to “resolve any dispute by neutral, binding arbitration, on an individual basis only, and by a court action …” Ex. 2 at p.10, ¶7. Plaintiff was provided the full arbitration provision for review in the application.

16. Plaintiff was asked to designate whether she agrees to the Arbitration Provision. Plaintiff indicated with an “X” on the line designating agreement and by placing her initials on the agreement so designating her agreement on October 22, 2024 at 10:46 am EDT. Ex. 1 at p.11.

17. Plaintiff paid her first month’s rent using a Visa Card but thereafter failed to make any additional rental payments. A true and accurate copy of the Rental Ledger for Plaintiff’s units is annexed as **Exhibit 3**.

18. At all times, Extra Space Management Inc. acted in accordance with the express terms of the Storage Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed 9 / 4, 2026 in Rochester, New York.

Dereck Conway

Dereck Conway